IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

MICHAEL NUNEZ,

                Defendant.

**8:16CR27**

**ORDER**

    This matter is before the court on the defendant's motion for appointment of counsel and motions for status, Filing No. 47, Filing No. 48 and Filing No. 50. The defendant requests assistance of counsel with respect to allegedly new information that purportedly reflects a constitutional violation for failure to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The defendant's claim is properly the subject of a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255.

    There is neither a constitutional nor a statutory right to counsel in § 2255 proceedings. See 28 U.S.C. § 2255(g); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, "[d]istrict courts may appoint indigent habeas petitioners counsel in the interests of justice." *Martin v. Fayram*, 849 F.3d 691, 699 (8th Cir. 2017); see 18 U.S.C. § 3006A(a)(2)(b).[1] Unless an evidentiary hearing is necessary, the appointment of counsel is discretionary. See *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

---

[1] Appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, is permitted "at any stage of the proceeding." Rule 8(c) of the Rules Governing § 2255 Proceedings for the United States District Courts. "In exercising its discretion to appoint counsel, however, the district court 'should first determine whether ... [the] petitioner has presented a nonfrivolous claim.'" *Martin*, 849 F.3d at 699. (quoting *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)). The court should then determine whether the nature of the litigation will make the appointment of counsel beneficial to the litigant and the court. *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990). Several factors should be considered, including

There is presently no § 2255 petition pending. Accordingly, the motion for appointment of counsel appears to be premature, and will be denied without prejudice to reassertion on the filing of a § 2255 motion.

IT IS ORDERED that the defendant's motions for appointment of counsel and for status (Filing No. 47, Filing No. 48 and Filing No. 50) are denied.

Dated this 31st day of July, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

the pro se litigant's ability to investigate facts and present claims and the complexity of the legal and factual issues. *Id.*