IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL NUNEZ<br><br>Defendant. | 8:16CR00027<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255. Filing No. 52. Nunez ("Defendant") has also filed a Motion for Disclosure of Supplemental Information to Police Report and a Motion for Leave to Conduct Discovery. Filing Nos. 63, 65. The Court initially reviewed this case and ordered the government to file an answer addressing defendant's constitutional claims. Filing Nos. 55 and 58.

I. **BACKGROUND**

Defendant was indicted for drug related offenses after Omaha Police officers stopped his vehicle for not having a license plate and searched the vehicle and his person, where they ultimately found thousands of dollars in cash, a loaded firearm, a drug scale, and numerous drugs including methamphetamine and hydrocodone pills in Omaha, Nebraska. Filing Nos. 1, 32. In January 2016, he was charged with conspiracy to distribute 50 grams or more of a mixture of methamphetamine in violation of Title 21 U.S.C. § 846 and Title 21 U.S.C. § 841(a)(1), (b)(1)(B) for an offense that occurred on October 13, 2015 (Filing No. 3).

Defendant entered a plea of guilty to the charge of conspiracy to distribute 50 grams or more of a mixture of methamphetamine (Count I) and admits the forfeiture

1

allegation as set forth in the Indictment.  Filing No. 32.  Defendant was sentenced to 120 months of imprisonment and 5 years of supervised release with special conditions.  Filing No. 39.

In his brief in support of his § 2255 motion, Defendant asserts that the Government failed to provide the required *Brady/Giglio*[1] disclosures prior to entering into his guilty plea.  Filing No. 53.  Defendant alleges that the Government failed to disclose information regarding sufficient credibility information about Amber Max ("Max") and her relationship to Christopher Adams ("Adams")—both Government witness.  Further, Defendant alleges that the information regarding Max's inconsistent testimony was both material and exculpatory, therefore, he did not enter into his plea knowingly, intelligently, and voluntarily.

In response, the Government argues that it did not have any obligation to provide the defendant with impeaching information because the Constitution does not require the Government to disclose impeachment information prior to entering plea agreements with a criminal defendant.  *United States v. Ruiz*, 536 U.S. 622 (2002).  Filing No. 58.  Further, the Government argues that in order to demonstrate a *Brady* violation the defendant must show "the government suppressed evidence that was both favorable to the defense and material to the issue of guilt or punishment."  *United States v. Williams*, 577 F.3d 878, 882 (8th Cir. 2009).  The Government contends that Max's inconsistent testimony regarding her relationship with Adams is not material and not relevant to Defendant's guilt.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972)

## II. LEGAL STANDARD

A federal prisoner who seeks relief from a conviction and sentence under § 2255 must establish a violation that constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or a vehicle for relitigating matters decided on appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Davis v. United States*, 417 U.S. 333, 346–47 (1974). A constitutional claim of a *Brady* violation is cognizable under § 2255. *See Mandacina v. United States*, 328 F.3d 995 (8th Cir. 2003).

The court may grant a new trial to the defendant "if the interest of justice so requires." Fed. R. Crim. P. 33. Generally, the standard for a new trial on the basis of newly discovered evidence "is 'rigorous' because these motions are 'disfavored.'" *United States v. Baker*, 479 F.3d 574, 577 (8th Cir. 2007). In order to receive a new trial based on newly discovered evidence, a defendant must show: (1) the evidence must have been unknown or unavailable to the defendant at the time of trial; (2) the defendant must have been duly diligent in attempting to uncover it; (3) the newly discovered evidence must be material; and (4) the newly discovered evidence must be such that its emergence probably will result in an acquittal upon retrial. *Id.* A standard more favorable to the defendant is applied, however, if a *Brady* violation has occurred. *United States v. Duke*, 50 F.3d 571, 577 (8th Cir. 1995).

The government's failure to disclose evidence that is material to the issue of guilt and is exculpatory in nature violates a defendant's right to due process. *Brady*, 373 U.S. at 87. The government has an obligation to disclose evidence that is favorable to the accused and material to either guilt or punishment, and this duty extends to impeachment evidence. *United States v. Ladoucer*, 573 F.3d 628, 636 (8th Cir. 2009). The constitutional obligation is not measured by the moral culpability of the prosecutor. *United States v. Agurs*, 427 U.S. 97, 109 (1976).

To show a *Brady* violation, the defendant must establish that (1) the evidence was favorable to the defendant, (2) the evidence was material to guilt, and (3) the government suppressed evidence. *Strickler v. Greene*, 527 U.S. 263, 281 (1999). Evidence is "material" within the meaning of Brady when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. *Cone v. Bell*, 129 S. Ct. 1769, 1783 (2009). "In other words, favorable evidence is subject to constitutionally mandated disclosure when it 'could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" *Id.* (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)).

Impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule, and it is subjected to the same materiality analysis. *United States v. Bagley*, 473 U.S. 667, 676–78 (1985) (noting that "such evidence is 'evidence favorable to an accused,' so that, if disclosed and used effectively, it may make the difference between conviction and acquittal") (citations omitted). The government must disclose matters that affect the credibility of prosecution witnesses. *See Giglio*, 405 U.S. at 153–55; *United States v. Garcia*, 562 F.3d 947, 952 n.7 (8th Cir. 2009).

4

However, the non-disclosure of *Giglio* evidence only justifies a retrial if the withheld information is deemed material. *United States v. Spinelli*, 551 F.3d 159, 164 (2d Cir. 2008). Undisclosed *Brady/Giglio* information is deemed material so as to justify a retrial only if there is a reasonable probability that, had the material been disclosed to the defense, the result of the proceeding would have been different. *Garcia*, 562 F.3d at 953. A reasonable probability of a different result is shown when the government's failure to disclose undermines confidence in the outcome of the trial. *Id*. However, there is no *Brady* violation if the defendant, using reasonable diligence, could have obtained the information himself. *Ladoucer*, 573 F.3d at 636.

The duty to disclose such evidence is applicable even though there has been no request by the accused. *Strickler*, 527 U.S. at 280. Moreover, the *Brady* rule "encompasses evidence 'known only to police investigators and not to the prosecutor.'" *Strickler*, 527 U.S. at 280-81 (quoting *Kyles*, 514 U.S. at 438). The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. *Strickler*, 527 U.S. at 281.

## III. DISCUSSION

The Court finds that Defendant's *Brady/Giglio* violation claim lacks merit. Defendant has not shown that the Government's required disclosure of the evidence is material such that the Government's failure to disclose would "undermine[] confidence in the outcome of the trial." *Garcia*, 562 F.3d at 953. While the inconsistent testimony was, in fact, in the possession of the Government and favorable to the Defendant in that it could have been used to attack the credibility of the Government's witness, Max, this information does not rise to the level of material.

Defendant suggests that had the Government disclosed Max's inconsistent testimony regarding her and Adam's relationship before Defendant entered his guilty plea, he would have instead forgone the plea agreement and gone to trial. Defendant also contends that Max's testimony was the Government's only evidence linking Defendant to Count I, and without it the Government had "no evidence that likely would have resulted in Nunez conviction." Filing No. 74, at p. 4. Further, Defendant contends that in *Banks v. United States*, the District Court found that the undisclosed information regarding the District Attorney's arrangement for the informant to have conjugal visits with his girlfriend and wife was material. 920 F. Supp. 688, 692–93 (E.D. Va. 1996). However, the District Court made its determination in the context where there was almost no other evidence available—the only evidence that would be used to prove guilt were from individuals involved in the undisclosed arrangement. *Id*. at 693.

In the present case, there was ample evidence that the Government could have presented to prove Defendant's guilt. Max was not the Government's only witness; it had three additional witness—Adams, Bartlett, and Good—who would each be able to testify that Defendant is guilty of Count I. Filing No. 77, p. 1; Hr'g Tr. 7:3–10, 23:13–14. Each witness gave a proffer letter indicating that he or she would be able to "put similar, if not more, weight on the defendant." Hr'g Tr. 7:9–10. Additionally, Omaha Police officers found over fifteen-thousand dollars of cash, a drug scale, methamphetamine, hydrocodone and Alprazolam pills, a military issue ballistic vest, and a loaded pistol in the vehicle driven by Defendant. Filing No. 32, p. 2. The Court finds that there is not a reasonable probability that had the information been disclosed to the defense, the result of the proceeding would have been different. *See Smith v. Cain*, 565 U.S. 73, 76 (2012)

(finding that "[e]vidence impeaching an eyewitness's testimony may not be material if the State's other evidence is strong enough to sustain confidence in the verdict"). Thus, within the context of all the other evidence, the Government's failure to disclose Max's inconsistent testimony is not material, and there is no *Brady/Giglio* violation for failing to disclose the information.

## IV. CONCLUSION

The Court finds that Defendant's motion to vacate under 28 U.S.C. § 2255 should be denied. Accordingly,

IT IS SO ORDERED:

1. The defendant's motion to vacate under 28 U.S.C. § 2255 is denied. Filing No. 52.

2. The defendant's motion for disclosure of supplemental information to police report is denied. Filing No. 63.

3. The defendant's motion for leave to conduct discovery is denied. Filing No. 65.

4. A separate judgment will be entered in accordance with this memorandum and order.

Dated this 29th day of October 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge